```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
CHENGDU TOPS TECHNOLOGY CO. LTD.,                                  :
                                                                   :
                              Plaintiff,                           :
                                                                   :       25-CV-4345 (JMF)
               -v-                                                 :
                                                                   :       MEMORANDUM OPINION
PARTNERSHIPS AND UNINCORPORATED                                    :            AND ORDER
ASSOCIATIONS IDENTIFIED IN SCHEDULE A,                             :
                                                                   :
                              Defendants.                          :
                                                                   :
-------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Plaintiff Chengdu Tops Technology Co. Ltd. ("Chengdu Tops"), which owns a patent for a 360-degree "photobooth," brings patent infringement claims against a slew of merchant Defendants. *See* ECF No. 1 ("Compl."). On May 22, 2025, Chengdu Tops filed a motion seeking a temporary restraining order ("TRO") against Defendants that would, among other things, "enjoin[] the manufacture, importation, distribution, sale, offer for sale, and profiting from the sale of Plaintiff's patented product in the United States." ECF No. 4-1 ("Pl.'s Mem."), at 5. For the reasons stated below, Chengdu Tops's motion is DENIED.

A temporary restraining order, like a preliminary injunction, "is an extraordinary remedy never awarded as of right." *Salinger v. Colting*, 607 F.3d 68, 79 (2d Cir. 2010) (quoting *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 24 (2008)); *see also, e.g.*, *Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008) ("It is well established that in this Circuit the standard for an entry of a TRO is the same as for a preliminary injunction."). To obtain such relief, a movant must show: (1) that it will suffer irreparable harm without the TRO or injunction; (2) that it is likely to succeed on the merits of its claim; and (3) that the balance of hardships tips in its

favor. *See, e.g., Jayaraj v. Scappini*, 66 F.3d 36, 38 (2d Cir. 1995); *see also, e.g., Time Warner Cable of New York City v. Bloomberg L.P.*, 118 F.3d 917, 923 (2d Cir. 1997). "A showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) (quoting *Rodriguez v. DeBuono*, 175 F.3d 227, 234 (2d Cir. 1999)). Here, Chengdu Tops fails to show that it will suffer irreparable harm without a TRO. And it also fails to show likelihood of success on the merits.

As to the former, Chengdu Tops argues that, in the absence of injunctive relief, it will suffer "loss of goodwill and reputation" as a result of "consumer confusion between Plaintiff's products and Defendants' competing Accused Products." Pl.'s Mem. 14. But Chengdu Tops's irreparable harm argument suffers two problems. For one thing, Chengdu Tops's assertion of irreparable harm is entirely speculative. "To establish irreparable harm, the moving party must show an 'injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages.'" *St. Joseph's Hosp. Health Ctr. v. Am. Anesthesiology of Syracuse, P.C.*, 131 F.4th 102, 106 (2d Cir. 2025) (quoting *New York v. U.S. Dep't of Homeland Sec.*, 969 F.3d 42, 86 (2d Cir. 2020)). "[N]onspecific references to [potential harms] and speculative claims . . . are not the sort of 'actual and imminent' injury sufficient to justify [preliminary relief]." *Id.* at 107. Chengdu Tops asserts without support that Defendants' alleged infringement is likely to result in consumer confusion, loss of customer goodwill, and harm to its reputation. *See* Pl.'s Mem. 14. But it has neither "identified its own product that allegedly competes against Defendants' products" nor "set forth any specific facts or evidence demonstrating that competition against Defendants would harm its goodwill and reputation."

2

ECF No. 11 ("Defs.' Opp'n"), at 10.  The speculative nature of Chengdu Tops's irreparable harm claim, on its own, dooms its request for relief.

If that were not enough, Chengdu Tops also delayed in seeking relief.  The Court "must consider a plaintiff's delay in seeking relief when analyzing whether the plaintiff will suffer irreparable harm in the absence of relief."  *Ingber v. N.Y.C. Dep't of Educ.*, No. 14-CV-3942 (JMF), 2014 WL 2575780, at *2 (S.D.N.Y. June 9, 2014) (citing *Tom Doherty Assocs., Inc. v. Saban Entm't, Inc.*, 60 F.3d 27, 39 (2d Cir. 1995)).  That is because "[a] delay in moving for a preliminary injunction might undermine a case for irreparable harm" insofar as it "evinces a lack of urgency and concern over defendant's action."  *Ryan v. Volpone Stamp Co., Inc.*, 107 F. Supp. 2d 369, 404 (S.D.N.Y. 2000); *see, e.g.*, *Citibank, N.A. v. Citytrust*, 756 F.2d 273, 276 (2d Cir. 1985) (holding that "significant delay in applying for injunctive relief . . . alone may justify denial" of preliminary relief).  Chengdu Tops delayed seeking relief here in more ways than one.  First, it waited years to bring this action in the first place; Defendants have been selling products in the United States since 2021, and Chengdu Tops' Patent (the "'222 Patent") issued nearly three years ago.  *See* Defs.' Opp'n 1.  Second, even after it filed the instant TRO motion, Chengdu Tops requested that the Court postpone the TRO hearing by a week because Plaintiff's counsel left for vacation a day after the motion was filed.  *See* ECF No 7.  Chengdu Tops also requested — and received — a three-week extension of its deadline to file a reply in support of its TRO motion.  *See* ECF Nos. 15, 22; *see also* ECF No. 18 (observing that "the requested 3-week extension underscores that . . . [t]here is no immediate threat of irreparable harm").  Put together, these delays belie Chengdu Tops's conclusory assertions of irreparable harm.  *New York v. United States Dep't of Com.*, 339 F. Supp. 3d 144, 148-49 (S.D.N.Y. 2018).

Finally, Chengdu Tops is not entitled to the requested TRO for a second, independent reason: It fails to demonstrate likelihood of success on the merits. *See Reebok Intern. Ltd. v. J. Baker, Inc.*, 32 F.3d 1552, 1555 (Fed. Cir. 1994) (noting that "likelihood of success requires a showing of validity and infringement"). As Defendants point out, the Complaint "does not once name the '222 Patent, what design it covers, what products Plaintiff sells (if any), or Defendants' accused products." Defs.' Opp'n 5. In other words, the Complaint includes no infringement analysis whatsoever. Chengdu Tops attaches two exhibits to the Complaint — a copy of the '222 Patent and an unintelligible list of hyperlinks to hundreds of online products — but provides no explanation of what these attachments show, no comparison between the '222 Patent and the accused products, and no indication of how the hyperlinked products infringe its patent. *See* ECF Nos. 1-1 ('222 Patent), 1-2 (hyperlinks chart). Chengdu Tops's motion papers fare no better. Like its Complaint, the motion papers do not name the '222 Patent, Chengdu Tops's products, Defendants' products, or demonstrate why Defendants' products infringe the '222 Patent. *See* Pl.'s Mem. 11-12 (asserting without support that "Defendants make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use products that directly infringe the patented designs" "[a]s shown in the Complaint and accompanying exhibits").[1] In short, Chengdu Tops's merits argument — just like its irreparable harm argument — rests on conclusory allegations that cannot justify the extraordinary relief it seeks.

---

[1] Chengdu Tops maintains in its reply brief that it "has provided a detailed declaration from its technical expert, who has reviewed the accused products as identified by the hyperlinks, compared their features to the asserted claims of the '222 Patent, and explained how an ordinary observer would view the accused products as practicing each limitation of at least one asserted claim." ECF No. 25 ("Pl.'s Reply"), at 8. That is not the case. Chengdu Tops has not filed any such declaration in this case.

For the foregoing reasons, the motion for a temporary restraining order is hereby DENIED. In a separate order to be entered today, the Court will schedule an initial pretrial conference. The Clerk of Court is directed to terminate ECF No. 4.

SO ORDERED.

Dated: July 8, 2025
      New York, New York

                                        JESSE M. FURMAN
                                    United States District Judge